UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 05 00491 VRW |
| Plaintiff, | |
| v. | STIPULATION AND ORDER |
| SEMYON NEYS, YEVGENY FRIDMAN, JENA DAVIS, URIEL SOTOMAYOR, JASON TANG, ANTHONY NGUYEN, ILYA TUCHINSKY, CHRISTOPHER LEE CALDER, PAUL ANCAJIMA, AARON DELAROSA, CHARLES MOORE, JESUS POMPERADA BASCO, and WHITNEY OSTERHOUT, | |
| Defendants. | |

Plaintiff, the United States of America, through its counsel the United States Attorney for the Northern District of California by and through Assistant United States Attorney Laurel Beeler and each of the defendants above named, through their respective counsel, hereby request that the next calling of the case now set for January 31, 2006 at 10:30 a.m. be vacated and reset for March 14, 2006 at 10:30 a.m. for purposes of further status. This request is made because discovery necessary to further preparation and evaluation of the case by counsel has not yet been

STIPULATION AND ORDER
(CR 05 00491 VRW)

1  received. This discovery concerns transcripts of conversations intercepted by Court approved
2  wiretap applications. The government has previously estimated approximately 30,000
3  conversations were intercepted and 8,000 of those are deemed pertinent. In turn, approximately
4  one third of those conversations are in the Russian language. To determine the necessary
5  motions and/or evaluate the evidence concerning each defendant, transcripts of these
6  conversations must be received. The translation and transcription of the calls has been finished,
7  and the United States has just provided the CD with the transcripts to the discovery coordinator.
8  To complete this disclosure and to provide for some review of the transcripts, the parties jointly
9  request that the status conference now set for January 31, 2006 be reset for March 14, 2006.
10    The parties further stipulate that the time between January 31, 2006 and March 14, 2006
11  shall be excluded pursuant to 18 U.S.C. section 3161(b) and 18 U.S.C. § 3161(h)(8)(B)(iv) and
12  agree that failure to grant a continuance would deny defense counsel the reasonable time
13  necessary for effective preparation, taking into account the exercise of due diligence..
14  The parties also agree, that the ends of justice are served by excluding the period from January
15  31, 2006 through March 14, 2006 and these interests outweigh the interest of the public and the
16  defendant in a Speedy Trial within the meaning of 18U.S.C. section 3161(h)(A).

STIPULATED:

   /s/
LAUREL BEELER
Assistant United States Attorney

| /s/ | /s/ |
|---|---|
| SCOTT SUGARMAN | STEVEN GRUEL |
| Attorney for Semyon Neys | Attorney for Yevgeny Fridman |
| /s/ | /s/ |
| GARRICK LEW | FRANK MCCABE |
| Attorney for Jena Davis | Attorney for Uriel Sotomayor |
| /s/ | /s/ |
| SHARI L. GREENBERGER | J. DAVID NICK |
| Attorney for Jason Tang | Atttorney for Anthony Nguyen |
| /s/ | /s/ |
| ISMAIL RAMSEY | HARRIS TABACK |
| Attorney for Ilya Tuchinsky | Attorney for Christopher Calder |

STIPULATION AND ORDER
(CR 05 00491 VRW)                          2

   /s/                                                /s/  
ANN C. MOORMAN                        J. PHILLIP VAUGHNS  
Attorney for Paul Ancajima          Attorney for Aaron Delarosa

   /s/                                                /s/  
JAMES GILLER                             SHANA KEATING  
Attorney for Charles Moore          Attorney for Jesus Basco

   /s/  
GEOFFREY ROTWEIN  
Attorney Whitney Osterhout

ORDER

With the agreement of the defendants, the Court enters this order (a) setting the next hearing date on March 14, 2006, at 10:30 a.m., and (b) excluding time under the Speedy Trial Act, 18 U.S.C. § 3161(b), from January 31, 2006 to March 14, 2006. More specifically:

1. This case is a multi-defendant wiretap case that involves approximately 30,000 intercepted calls and 8,000 pertinent calls. About one-third of the pertinent calls are in Russian. Time has been excluded from the speedy trial clock through January 31, 2006. Discovery is voluminous, and it still is being produced. Some has been provided to counsel, however, none of the transcripts from the court-ordered interception have yet been provided which are necessary to the effective preparation of counsel. The Russian language transcripts have just been turned over to the discovery coordinator as of January 17, 2006, and the English language transcripts are still being prepared.

2. Based on the amount of discovery to be provided and reviewed, defense counsel asked the Court to set the next status date for March 14, 2006 and to exclude time until then under the Speedy Trial Act. The parties agree, and the Court finds and holds, that a failure to grant a continuance would unreasonably deny defense counsel the reasonable time for effective preparation, given the exercise of due diligence and given their need to review the existing discovery and obtain and review the rest of the discovery. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties also agree, and the Court finds and holds, that the ends of justice served by excluding the period from January 31, 2006 though March 14, 2006, outweigh the best interest of the public and the defendant in the rights set forth under the Speedy Trial Act. See id. § 3161(h)(A).

3. Accordingly, the Court (1) sets a new hearing date of March 14, 2006, at 10:30 a.m., and

1  (2) orders that the period from January 31, 2006 and March 14, 2006 be excluded from Speedy
2  Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A) & (B) (i) & (iv).
3  IT IS SO ORDERED.
4
5  DATED: January 30, 2006



STIPULATION AND ORDER
(CR 05 00491 VRW)                          4